**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Claudia Marlene ENAMORADO,**
**Defendant—Appellant.**

**No. 02–50596.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2004.*

Decided June 15, 2004.

Orlando Gutierrez, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Todd Hilts, San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, KOZINSKI, and GRABER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Claudia Marlene Enamorado appeals the district court's decision to deny her motion to suppress statements made after she had waived her *Miranda* rights, orally and in writing.

Evidence in the record supports the district court's finding that Enamorado "voluntarily" waived her *Miranda* rights. The record is devoid of any evidence of coercive police activity. *See Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). The fact that Enamorado waived her *Miranda* rights more than four hours after being taken into custody does not render her waiver involuntary. *See United States v. Gamez,* 301 F.3d 1138, 1144–45 (9th Cir.2002), *cert. denied,* 538 U.S. 1067, 123 S.Ct. 2240, 155 L.Ed.2d 1125 (2003). Her confession, made after her waiver, also was voluntary despite the passage of time. *See Derrick v. Peterson,* 924 F.2d 813, 820 (9th Cir. 1990).

Enamorado also argues for the first time on appeal that she did not "knowingly" or "intelligently" waive her *Miranda* rights due to her upbringing, educational background, and personal relationships. Because she did not present this claim to the district court, we decline to consider it. *See United States v. Hawkins,* 249 F.3d 867, 872 (9th Cir.2001).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.